## WILLIAM P. and T. M. BRYAN *against* GEORGE M'CUL-LOCH.

The oath, upon which to ground a writ of error, must be made by the party, and is not sufficient if made by the attorney.

This was a writ of error to the Common Pleas of Mifflin county.

*Hale,* for defendant in error, moved to quash, because the affidavit to ground the writ of error was made by the attorney, and not by the party, as required by the act of assembly.

*Potter,* contra, insisted that a majority of the precedents are in favour of the practice pursued in this particular instance.

Copy of the affidavit:

Bryan     *W. W. Potter,* the attorney and counsel of *W. P.*
v.     and *T. M. Bryan,* who do not reside in the county of
*M'Culloch.*     Mifflin, and who were not present at the trial of the cause, being duly sworn, doth depose and say, that the above writ of error is not applied for, for the purpose of delay.

*W. W. Potter,*

Sworn and subscribed the 22d January, 1819, before me, an associate judge of Mifflin county.     *John Oliver.*

Per Curiam.—The decisions on this point have been inconsistent, because it was not deemed sufficiently important to receive much consideration; and convenience requires that the practice in regard to it be settled. We have therefore carefully examined the words of the act, and find that they peremptorily require the affidavit to be made by the party. This will doubtless occasion no small degree of trouble and perhaps vexation; but were we to be drawn from the plain directions of the law by any thing less than absolute necessity, it would be impossible to predict the point at which we should stop. Shall the attorney be authorized to make the oath in all cases; or only where his client resides out of the county, or out of the State, or out of the United States? These are questions which none but the legislature can solve; and it will, no doubt, interfere to remove any serious inconvenience that may be felt. In the mean time it is our business to execute the law as we find it; according to which it is clear that the writ of error issued improvidently.

On hearing the opinion of the court, *Hale* said that as his object was only to have the practice settled, he would, with the leave of the court, waive his objection; and the motion to quash was withdrawn.